Frank J. Tantone, Esq.
Attorney ID: 289222019
Borrelli & Associates, P.L.L.C.
910 Franklin Avenue, Suite 200
Garden City New York 11530
Email: fjt@employmentlawyernewyork.com
Tel.: (516) 248-5550
Fax: (516) 248-6027
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____

JONATHON LEE, on behalf of himself,
individually, and on behalf of all others
similarly-situated,

                                Plaintiff,

             -against-

NEW YORK MUTUAL TRADING INC., and
MASATOSHI OHATA, individually,

                           Defendants.

_____

**Civil Action No.:**    **21-cv-10784**

**COMPLAINT**

**Jury Trial Demanded**

JONATHON LEE ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated (collectively as "FLSA Plaintiffs," as this term is defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against NEW YORK MUTUAL TRADING INC. ("Mutual"), and MASATOSHI OHATA, individually ("Ohata"), (together, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

1

**NATURE OF THE CASE**

1.      This is a civil action for damages and equitable relief based upon Defendants'

willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New Jersey

Wage and Hour Law ("NJWHL"), N.J.S.A., 34:11-56a *et seq.*; (iii) the full payment provisions of

the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A., 34:11-4.2; and (iv) any other claims

that can be inferred from the facts set forth herein.

2.      Plaintiff has worked for Defendants - - a New Jersey corporation that provides food

and other supplies to Japanese restaurants in New Jersey, New York, Pennsylvania, and

Connecticut, and its President and Chief Executive Officer - - as a small vehicle delivery driver

from September 1, 2018 through the present.   As described below, throughout Plaintiff's

employment, Defendants have willfully failed to pay Plaintiff the wages lawfully due to him under

the FLSA, the NJWHL, and the NJWPL.  Specifically, Defendants have required Plaintiff to work,

and Plaintiff routinely does work, more than forty hours in a workweek, but Defendants have failed

to compensate Plaintiff at the statutorily-required overtime rate of one and one-half times his

regular rate for many of the hours that he has worked per week in excess of forty.   Rather,

Defendants pay Plaintiff based on two monthly pay periods - - from the first through the fifteen of

each month and then from the sixteenth through the end of each month - - and while Defendants

pay Plaintiff overtime at one and one-half times his regular rate for the hours that he works over

forty in a workweek when those hours fall within a single bi-monthly pay period, for the hours

worked over forty that occur during a single workweek but that accumulate over two pay periods,

Defendants pay Plaintiff at his regular rate of pay for those hours.  Further, Defendants do not pay

Plaintiff at any rate for between two and two and one-half hours each week that Plaintiff works in excess of forty.

3.      Defendants have paid and treated all of their small vehicle delivery drivers in this same manner.

4.      Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA.  Plaintiff brings his claims under the NJWHL and the NJWPL on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

## JURISDICTION AND VENUE

5.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq.*  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New Jersey law.

6.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

7.      At all relevant times herein, Plaintiff has worked Defendants, based out of New Jersey, and is an "employee" entitled to protection as defined by the FLSA, the NJWHL, and the NJWPL.

8.      At all relevant times herein, Defendant Mutual was and is a New Jersey corporation with its principal place of business located at 77 Metro Way, Secaucus, New Jersey 07094.

9.     At all relevant times herein, Defendant Ohata was and is the President and Chief Executive Officer of Mutual, who was and remains ultimately responsible for all matters with respect to hiring and firing employees, setting employees' hours, rates, and methods of pay, as well as for maintaining employment records, including those matters with respect to Plaintiff.

10.     At all relevant times herein, both Defendants were "employers" within the meaning of the FLSA, the NJWHL, and the NJWPL.  Additionally, at all times relevant to the FLSA, Mutual's qualifying annual business has exceeded $500,000, and Mutual was and is engaged in interstate commerce within the meaning of the FLSA, as it has employed two or more employees, and has sold and delivered food products and kitchen supplies to out-of-state companies in New York, Pennsylvania, and Connecticut, the combination of which subjects Mutual to the FLSA's overtime requirements as an enterprise.  Additionally, Defendants' small vehicle delivery drivers, including Plaintiff and FLSA Plaintiffs, were and are individually engaged in interstate commerce, as they, on a near-daily basis, delivered food products and kitchen supplies to out-of-state companies, such as those in New York.  This independently subjects Defendants to the FLSA's overtime requirements with respect to Plaintiff and FLSA Plaintiffs individually.

## COLLECTIVE ACTION ALLEGATIONS

11.     Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees of Defendants who during the applicable FLSA limitations period performed any work for Defendants as small vehicle delivery drivers, or in a similar position, and who consent to file a claim to recover damages for unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

12.     Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

13.     At all relevant times herein, Defendants are and have been aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek beyond forty, yet they purposefully and willfully chose and continue to choose not to do so.

14.     Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek beyond forty, in violation of the FLSA.

## BACKGROUND FACTS

15.     Defendant Mutual is a New Jersey corporation that sells food ingredients and kitchen supplies to Japanese restaurants in New Jersey, New York, Pennsylvania, and Connecticut.

16.     At all times relevant herein, Defendant Ohata has been the President and Chief Executive Officer of Mutual, who in that role oversees its day-to-day operations, controls the terms and conditions of employment for all of Mutual's employees, exercises the power to hire and fire all employees, sets employee work schedules, determines the rate and method of wages paid to all employees, and is responsible for maintaining employment records.  To that end, Ohata hired Plaintiff, determines his rate of pay and work schedule, directs Plaintiff's day-to-day activities, pays his compensation, and is responsible for maintaining his employment records.

5

17.     After Plaintiff worked for Defendants through a staffing agency for approximately sixteen months, during which time the staffing agency was responsible for paying Plaintiff and in fact paid Plaintiff lawfully, on September 1, 2018, Defendants hired Plaintiff to work for them directly.  Ever since, Plaintiff has been, and remains at the time of filing of this Complaint, employed by Defendants as a small vehicle delivery driver.

18.     As a small vehicle delivery driver, as the title suggests, Plaintiff's job duties consist of driving a four-wheel Mercedes-Benz Sprinter Van, which weighs approximately 3,100 pounds, and delivering food ingredients and kitchen supplies to Defendants' customers.  Specifically, for each shift, Plaintiff first reports to Defendants' warehouse in Secaucus, New Jersey, loads the van and/or assembles items from the warehouse for deliveries, then makes deliveries to Defendants' customers in New Jersey, and sometimes in New York, and then returns to the warehouse in Secaucus, New Jersey, at the end of his shift and returns Defendants' vehicle.

19.     From the beginning of his employment through on or around March 31, 2020, and resuming again from June 1, 2020 to the present, Defendants required and continue to require Plaintiff to work, and he did and does in fact work, five days per week, generally Tuesday through Saturday, without a scheduled or uninterrupted break during his shift, scheduled as follows: three days per week from 5:30 a.m. until 6:00 p.m.; one day per week from 6:00 a.m. until 4:00 p.m.; and one day per week from 5:30 a.m. until 7:00 p.m.  As a result of traffic and/or the amount of product that Defendants assign Plaintiff to deliver, the end of Plaintiff's shift varies, however it typically ends between 6:00 p.m. and 7:00 p.m., and usually once per week around 4:00 p.m.  Thus, during these two time periods, Defendants required and continue to require Plaintiff to work, and he did and does in fact work, sixty-one hours per week, and sometimes less or more depending on those variables.

20.     During the height of the COVID-19 pandemic, from on or around April 1, 2020 through on or around May 31, 2020, Defendants required Plaintiff to work, and he did in fact work, four days per week, Monday through Thursday, without a scheduled or uninterrupted break during his shift, scheduled as follows: three days per week from 7:00 a.m. until 6:00 p.m.; and one day per week from 7:00 a.m. until 4:00 p.m.  Again, as a result of traffic and/or the amount of product that Defendants assigned Plaintiff to deliver, the end of Plaintiff's shift varied slightly. Nonetheless, Defendants required Plaintiff to work, and he did work, forty-two hours per week during this time, and sometimes less or more depending on those variables.

21.     In exchange for his work, Defendants have always paid Plaintiff on an hourly basis, as follows: $15.00 from September 1, 2018, through on or around August 31, 2019; $15.50 from on or around September 1, 2019, through on or around December 31, 2019; and $16.00 from on or around January 1, 2020, through the present.

22.     Defendants have paid and continue to pay Plaintiff on a bi-monthly basis, with the first pay period being from the 1st through the 15th of every month, and the second pay period being from the 16th through the end of each month.  While Defendants have paid and pay Plaintiff overtime at the rate of one and one-half times his regular rate for the hours that he works over forty in a workweek when that workweek occurs within a single pay period, for any hours that Plaintiff works during a single workweek but that accumulate over two pay periods, including those hours that Plaintiff works in a week in excess of forty, Defendants pay Plaintiff at his regular rate.

23.     By way of illustration, for the month of August 2019, the two pay periods were from the 1st through the 15th and the 16th through the 31st.  The second workweek of that month commenced on Sunday, August 11, 2019, and ended on Saturday, August 16, 2019, and was therefore split between the first and second pay period of August.  Plaintiff worked sixty-one hours

during this week, but Defendants paid Plaintiff at his regular rate for fifty-eight and one-half hours, including the eighteen and one-half hours that he worked over forty, and nothing for the additional two and one-half hours that he worked over forty.

24.    Additionally, at all times during his employment, Defendants have deducted a thirty-minute lunch break from Plaintiff's time each workday despite Plaintiff never receiving such a break, and Defendants therefore did not and do not pay Plaintiff at any rate, let alone at his overtime rate of one and one-half times his regular rate, for between two and two and one-half hours that Plaintiff works each workweek above forty.

25.    By way of another example only, during the workweek of July 12 through July 18, 2020, Plaintiff worked the following schedule:

Sunday, July 12, 2020: off;

Monday, July 13, 2020: off;

Tuesday, July 14, 2020: 6:00 a.m. until 4:00 p.m.

Wednesday, July 15, 2020: 5:30 a.m. until 6:00 p.m.;

Thursday, July 16, 2020: 5:30 a.m. until 6:00 p.m.;

Friday, July 17, 2020: 6:00 a.m. until 7:00 p.m.; and

Saturday, July 18, 2020: 5:30 a.m. until 6:00 p.m.

Accordingly, Plaintiff worked a total of sixty-one hours during this week.  In exchange, Defendants paid Plaintiff $16.00 per hour for fifty-eight and one-half hours that Plaintiff worked.  Thus, Defendants paid Plaintiff at his regular rate of pay for the first eighteen and one-half hours over forty and nothing for the remaining two and one-half hours over forty, much less the statutorily-required overtime rate of one and one-half times his regular rate, or $24.00, for all hours that Plaintiff worked over forty during this week.

8

26.     Defendants treat Plaintiff and FLSA Plaintiffs in the same manner described herein.

27.     Defendants have acted in this manner to maximize their profits and minimize their labor costs and overhead.

28.     Each hour that Plaintiff and FLSA Plaintiffs have worked was and is for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime Wages Under the FLSA*

29.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

30.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

31.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

32.     As also described above, Plaintiff and FLSA Plaintiffs have worked in excess of forty hours in a workweek, yet Defendants have failed to compensate them in accordance with the FLSA's overtime provisions.

33.     Defendants willfully violated the FLSA.

34.     Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

35.     Plaintiff and FLSA Plaintiff are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime Wages Under the NJWHL*

36.     Plaintiff and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

37.     NJWHL § 34:11-56a *et seq.* requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

38.     As described above, Defendants are employers within the meaning of the NJWHL, while Plaintiff and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NJWHL.

39.     As also described above, Plaintiff and any FLSA Plaintiff who opts-in to this action, have worked in excess of forty hours in a workweek, yet Defendants have failed to compensate them in accordance with the NJWHL's overtime provisions.

40.     Plaintiff and any FLSA Plaintiff who opts-in to this action, are entitled to overtime pay for all hours worked each week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

41.     Plaintiff and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, treble damages, interest, and attorneys' fees for Defendants' violations of the NJWHL's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Pay Full Wages Owed in Violation of the NJWPL*

42.     Plaintiff and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

43.     NJWPL § 34:11-4.2 requires employers to pay the full amount of wages due to employees at least twice during each calendar month, on regular paydays that are designated in advance by the employer.

44.     As described above, Defendants are employers within the meaning of the NJWPL, while Plaintiff and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NJWPL.

45.     As also described above, Defendants have failed to pay Plaintiff and any FLSA Plaintiff who opts-in to this action, the full amount of wages due to them each pay period.

46.     Plaintiff and any FLSA Plaintiff who opts-in to this action, are entitled to payment for all wages due to them that were not paid.

47.     Plaintiff and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, treble damages, interest, and attorneys' fees for Defendants' violations of the NJWPL's full payment provisions.

## DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a.      A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New Jersey laws;

b.      Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.      An order restraining Defendants from any retaliation against Plaintiff and/or FLSA Plaintiffs for participating in any form of this litigation;

d.      Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.      All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' unlawful payment practices, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

f.      Liquidated damages and any other statutory penalties as recoverable under the FLSA, the NJWHL, and the NJWPL;

g.      Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and any other costs, and an award of a service payment to Plaintiff;

h.     Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

i.     Pre-judgment and post-judgment interest, as provided by law; and

j.     Granting Plaintiff and FLSA Plaintiffs such other further relief as this Court finds necessary and proper.

Dated: Garden City, New York
      May 5, 2021

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
910 Franklin Avenue, Suite 200
Garden City, New York 11530
Tel. (516) 248-5550
Fax. (516) 248-6027

By:  _Frank J. Tantone_
      FRANK J. TANTONE (289222019)