UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JONATHON LEE, on behalf of himself, individually, and on behalf of all others similarly-situated,<br><br>      Plaintiff,<br><br> -against-<br><br>NEW YORK MUTUAL TRADING INC., and MASATOSHI OHATA, individually,<br><br>      Defendants. | Civil Action No.: 21-cv-10784- JBC |

### ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF COLLECTIVE ACTION SETTLEMENT, AND PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES, AND THE ENTRY OF FINAL JUDGMENT

This matter having come before the Court for a Fairness Hearing on April 29, 2024, pursuant to the Court's Order granting the parties' Motion for Preliminary Approval of the Settlement, and Approval of Proposed Notice of Settlement and Collective Action Settlement Procedure ("Preliminary Approval Order"). Dkt. No. 51. For the reasons stated on the record at the Fairness Hearing, the Court finds that the Settlement reached by the parties is fair, reasonable, adequate, and in the best interests of the Collective Action members, and satisfies all requirements of Section 216(b) of the Fair Labor Standards Act ("FLSA").

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. This Order GRANTING the parties' Joint Motion for Final Approval of Collective Action Settlement, and Plaintiff's Motion for an Award of Attorneys' Fees and Expenses, incorporates by reference the definitions in the Settlement Agreement and all exhibits, addendums, stipulations, and schedules thereto. *See* Dkt. Nos. 56, 64-66.

2. This Court has subject matter jurisdiction over this litigation and all members of the Collective Action.

3. After consideration of the evidence, the Court finds that the distribution of the Notice of Pendency of Collective Action Lawsuit and Proposed Settlement ("Notice"), Claim Form, and Opt-In Consent Form, constituted the best notice practicable under the circumstances, and that such Notice, including individual notice to Collective Members whose mailing addresses or other contact information were identified through reasonable effort, constituted valid, due, and sufficient notice to all persons entitled thereto, complying fully with the requirements of due process.

4. On behalf of the Collective, this Court hereby approves the Settlement, finds that it is, in all respects, fair, reasonable, adequate, and in the best interest of the Collective Members, and with respect to their FLSA claims, satisfies *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975). The Court directs that the Settlement be consummated in accordance with the terms and conditions set forth in the Settlement Agreement and hereby Orders all parties to take the necessary steps to effectuate the Settlement.

5. The Court has previously conditionally certified, and now grants final certification, of an FLSA collective action with respect to all Participating Claimants whose opt-in forms were filed on the Docket. Dkt. Nos. 52 – 55.

6. The Court hereby makes the following findings of fact:

(a) Plaintiff's Counsel, Borrelli & Associates, P.L.L.C., has vigorously prosecuted this case and conducted extensive investigation of the governing law, relevant facts, and relevant documents. During the prosecution of the litigation, Plaintiff's Counsel and Defendants' counsel undertook meaningful and sufficient investigation and the parties exchanged

sufficient and adequate discovery to fully and fairly evaluate the claims and defenses asserted by the parties, and to make an informed decision about the Settlement.

    (b)    The distribution of the Settlement is fair, reasonable, and equitable.

    (c)    The Settlement provides for a maximum gross settlement fund of $60,000.00, of which $40,000.00 was available as the net settlement amount to satisfy the claims of all Collective Members. Collective Members, other than named Plaintiff, were required to submit a Claim Form to become a Participating Claimant and receive a settlement check, of which a combined total of five Collective Members (including Plaintiff) will be mailed a check for their individual settlement amounts, calculated based on the formula found in the table stating each Participating Claimant's pro-rata share of the Maximum Settlement Payment. Dkt. Nos. 42-3, 56.

    (d)    The Settlement also provides for a payment of $12,747.59, or less than 33.33% of the gross settlement fund, as attorneys' fees, plus $7,252.41 for Plaintiff's Counsel's out-of-pocket costs and expenses, totaling $20,000.00, to be paid to Borrelli & Associates, P.L.L.C.

    (e)    Given the disputed issues of fact and law and the risks to the Collective Members, and the further delay that would be caused by continued litigation, including extensive discovery, motion practice, potential trial, and the subsequent appeal of any judgment after trial, the Settlement is fair, reasonable, and in the best interests of the Collective Members.

    (f)    Plaintiff's Counsel has extensive experience in wage and hour collective and class action litigation and is therefore well equipped to have negotiated a fair settlement for the Collective. Defendants' counsel, likewise, has substantial experience in this area and also agrees that the Settlement is fair and reasonable.

(g) All counsel represented the interests of their clients vigorously and devoted a considerable amount of time, effort, and resources to secure the terms of the Settlement, including the plan of allocation and distribution, to ensure a fair, adequate, and equitable distribution.

7. Based on those findings of fact, the Court hereby ORDERS as follows:

(a) The terms and provisions of the Settlement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, adequate, and in the best interests of all interested parties, and are in full compliance with all applicable due process requirements. The parties are hereby directed to comply with the terms of the Settlement and this Order and Final Judgment. New York Mutual Trading, Inc. is hereby directed to distribute payments to all Participating Plaintiffs in accordance with the terms of the Settlement Agreement.

(b) The Settlement is hereby approved as fair and reasonable. The allocation and distribution as set forth in the Settlement are final.

(c) Neither the Settlement, nor any of its provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission by any party of the truth of any allegations in this action, or of any liability, fault, or wrongdoing of any kind.

(d) All Participating Claimants shall be bound by all of the terms, obligations, and conditions of the Settlement, including, but not limited to, the release of claims set forth therein, and any and all claims for any wage and hour violations that may have occurred arising from or relating to their employment or engagement with Defendants under federal and New Jersey law, as well as all determinations and judgments in this action concerning the Settlement.

(e) Having reviewed the appropriate case law and Plaintiff's Counsel's billing records, and having conducted a cross-check with counsel's lodestar calculation, and with no objection from Defendants or any Collective Member, the Court finds that Plaintiff's Counsel's

application for attorneys' fees in the amount of $12,747.59, apportioned from the settlement funds, is fair and reasonable and is granted. Having reviewed Plaintiff's Counsel's request for reimbursement of out-of-pocket costs and expenses, and with no objection by Defendants or any Collective Member, Plaintiff's Counsel's request for costs and expenses in the amount of $7,252.41, apportioned from the settlement funds as explained in the Notice, is granted.

(f) All claims against Defendants in this action are dismissed with prejudice and the Clerk is directed to close this case, but the Court shall retain exclusive and continuing jurisdiction over the construction, interpretation, implementation, and enforcement over the parties' Settlement and over the administration and distribution of the settlement funds.

8. Final Judgment is hereby entered pursuant to Fed. R. Civ. P. 54 and Fed. R. Civ. P. 58 consistent with the terms of the Settlement Agreement.

**SO ORDERED** THIS ___8th___ day of ___May___, 2024.

Newark, New Jersey

_____
THE HONORABLE JAMES B. CLARK
UNITED STATES MAGISTRATE JUDGE